## VIRGINIA TRELOAR
### vs.
## TOWN OF FARMINGTON

Superior Court      New Haven County      File #54002

Present: Hon. ALFRED C. BALDWIN, Judge.

William F. Healey,              Attorney for the Plaintiff.

William W. Hoppin, Jr.,         Attorney for the Defendant.

MEMORANDUM FILED FEBRUARY 19, 1938.

BALDWIN, J. The complaint is in two counts; the first count is based upon negligence, the second, which has been amended, is upon nuisance. The demurrer is addressed to both counts, but is not claimed as to the second count. It is, therefore, to be considered only as an attack upon the sufficiency of the notice to the defendant set forth in the first count.

This count sets forth a cause of action under **section 1420 of the General Statutes, Revision of 1930.** The notice is in writing; it includes the five essential elements: (a) the injuries; (b) a general description of the injuries; (c) the cause; (d) the time, and (e) the place thereof. The claimed insufficiency upon which the demurrer rests, is, because the notice is addressed to the Town Clerk of the defendant Town, naming her.

The allegation in paragraph 12 of this count of the complaint is as follows:

"On September 15, 1937, due notice according to the statute, was given by the plaintiff to the defendant in manner and form as follows, viz:"

and then follows a copy of the notice, addressed as hereinbefore described.

The statute does not prescribe the manner in which the notice shall be addressed. It does provide to whom it should be given and the essentials of the notice. The allegations of the complaint are that "due notice according to the statute, was given . . . to the defendant," etc. Since the notice, as set forth, includes the essentials, if it was given to the authority designated by the statute, although improperly addressed, it would serve the requirement of the statute. The question raised presents a question of fact that cannot be determined upon demurrer.

The demurrer is therefore overruled.